**Billye SAUNDERS and Jerry Saunders, Plaintiffs–Appellants,**

v.

**MICHELIN TIRE CORPORATION, Defendant–Appellee.**

No. 91–2208
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 16, 1991.

David T. Burkett, Burkett & Beam, Corpus Christi, Tex., for plaintiffs-appellants.

George G. Brin, Brin & Brin, San Antonio, Tex., George G. Brin, Brin & Brin, Corpus Christi, Tex., Jack Pew, Jr., Jackson & Walker, Dallas, Tex., for defendant-appellee.

Before JOLLY, DAVIS and SMITH, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Billye and Jerry Saunders appeal from a district court order summarily dismissing their personal injury suit against the Michelin Tire Corporation. As their sole assignment of error, they argue that the court granted Michelin's summary judgment motion on the basis of a deposition that never made its way into the record. We agree but, having found the record bare of proof in support of the Saunders' claims, nevertheless affirm.

I

Billye Saunders is a nurse in the employ of Goliad County, Texas. As told by her and her husband's complaint, on May 5, 1989, the county ambulance in which she was riding suffered a blowout and crashed, causing her various injuries. The Saunders' complaint—filed on November 2, 1989—further alleges that Michelin, who manufactured the blown-out tire, did so negligently and in breach of warranties, both express and implied.

The record reflects that, after answering the complaint, Michelin filed on November 14, 1990, the following motion for summary judgment:

DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MICHELIN TIRE CORPORATION, Defendant in the above-entitled and numbered cause, and files this, its Motion for Summary Judgment, and

for cause would show the Court as follows:

## I.

This is a products' liability case arising out of a motor vehicle accident occurring in Goliad County, Texas, on or about May 5, 1989. In their lawsuit, Plaintiffs have alleged that BILLYE SAUNDERS was a passenger in a Goliad County ambulance enroute to Victoria, Texas, when the left rear tire blew out causing the ambulance in question to roll over several times. Plaintiffs have alleged that the blow out, and the accident in question, were proximately caused by various acts and omissions of negligence and breaches of warranty, express and implied, on the part of this Defendant. Plaintiffs also allege that this Defendant was negligent in respect to the manufacture of the tire in question.

## II.

Defendant would show this Court that the uncontroverted, sworn expert deposition testimony in this case negates an essential element of Plaintiffs' cause of action, and entitles this Defendant to Summary Judgment as a matter of law. Specifically, Defendant would refer this Court to the sworn deposition testimony of Charles Gold, a true and correct copy of which is attached hereto as Exhibit "A" to this Motion. Mr. Gold is an expert in tire failure analysis, and has testified that a thorough inspection of the tire in question, in his opinion the tire's failure was not due to a manufacturing defect on the part of this Defendant.

Charles Gold's uncontroverted expert testimony establishes, as a matter of law, that there is no genuine issue of material fact herein, and that Defendant is entitled to a summary judgment as a matter of law. Mr. Gold's testimony, as evidenced in exhibit "A," is clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted by Plaintiffs herein. Defendant would show this Court that Plaintiffs have wholly failed to come forth with any evidence whatsoever that would show, or tend to support, their allegations that the tire in question was defectively and manufactured by this Defendant.

Defendant requests that this Court consider Defendant's oral arguments at the hearing set on this Motion for Summary Judgment.

WHEREFORE, PREMISES CONSIDERED, Defendant, MICHELIN TIRE CORPORATION, prays that this Court set a hearing on Defendant's Motion for Summary Judgment, with notice to all parties, and that upon said hearing, this Court grant Defendant's Motion for Summary Judgment, and any and all other further relief to which this Defendant is justly entitled.

The record does not reflect, however, the Gold deposition. Even now, it is nowhere to be found in the materials submitted to us by the court below, appearing neither separately nor as an exhibit to the above motion.

The Saunders never responded to Michelin's summary judgment request, which on January 29, 1991, the district court granted with a brief order:

## ORDER OF SUMMARY JUDGMENT FOR DEFENDANT

Billye Saunders sustained injuries when the Goliad County ambulance that was transporting her rolled over. The roll-over allegedly occurred because the left rear tire of the ambulance blew out. She and her husband sued the manufacturer, Michelin Tire Corporation, alleging a defect in the tire. Michelin moved for summary judgment based on an expert's deposition testimony expressing his opinion that the tire was not defective. The plaintiffs did not respond to the motion or otherwise raise a material fact issue as to the proximate or actual cause of the accident. Because they would bear the burden of establishing these elements at trial, the Court must grant the motion for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24,

106 S.Ct. 2548, 2553 [91 L.Ed.2d 265] (1986).

No hearing was held on the motion.

## II

The Saunders stake their hopes for reversal on the district court's reliance on the Gold deposition. As they put it, "[a]ffidavits or excerpts from depositions *on file* are required to shift the burden of going forward to the non-movant" (emphasis in original). Since Michelin never filed the Gold deposition—or any other document—in support of its motion, it "wholly failed to meet the burden of Rule 56(c) Fed.R.Civ. P.," thus making it unnecessary for the Saunders "to present any evidence in opposition."

The flaw in this argument, of course, is its oversight of the Supreme Court's holding in *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), a case the district court cited and to which Michelin now turns as an alternative ground in support of the judgment below.[1] Ever since if not before *Celotex*, "[t]he moving party need not produce evidence negating the existence of a material fact, but need only point out the absence of evidence supporting the nonmoving party's case." *Latimer v. Smithkline & French Laboratories*, 919 F.2d 301, 303 (5th Cir. 1990). With or without the Gold deposition, Michelin has satisfied this standard, for as it noted in its motion,[2] nothing in the record supports the Saunders' claims, save their pleadings. This state of affairs, coupled with the fact that the Saunders had over a year to support their allegations through discovery, "mandates the entry of summary judgment...." *Celotex*, 106 S.Ct. at 2552.

## III

Because *Celotex* settles this appeal, we need not consider Michelin's arguments as

to why we may consider the Gold deposition in spite of its absence from the record. Accordingly, the judgment of the district court is

AFFIRMED.

---

1. Michelin is free to make this argument on appeal. *Shinault v. American Airlines, Inc.,* 936 F.2d 796 (5th Cir.1991).

2. "Defendant would show this Court that Plaintiffs have wholly failed to come forth with any evidence whatsoever that would show, or tend to support, their allegations that the tire in question was defectively and manufactured by this Defendant." Michelin's summary judgment motion, *supra.*