John W. COOK and Robert
L. Moore, Plaintiffs,

v.

LEE COLLEGE, Defendant.

Civ. A. No. H–92–0421.

United States District Court,
S.D. Texas,
Houston Division.

Aug. 27, 1992.

W.H. Jordan, Jr., W.H. Jordan, Jr., P.C., Houston, Tex., for plaintiffs.

David M. Feldman, Vinson & Elkins, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

LAKE, District Judge.

Plaintiffs, John W. Cook (Cook) and Robert L. Moore (Moore), allege that their former employer, Lee College, unlawfully discriminated against them in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* Pending before the court is Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Docket Entry No. 5).

### I. *Background*

Plaintiffs Cook and Moore were employed as instructors at Lee College under written contracts that were renewed annually. On March 15, 1990, plaintiffs were notified by the college that in order to remain employed, they would each have to acquire an associate degree by June 30, 1993, and file a degree plan from a college or university by April 16, 1990. Neither plaintiff filed a degree plan. Anticipating a notice of termination from the college, plaintiffs contacted the Texas Commission on Human Rights (TCHR) in Austin for information about filing complaints [1] of age discrimination against Lee College.

---

1. Section 6.01(a) of the Texas Commission on Human Rights Act sets forth the following requirements for complaints filed with the TCHR: A person claiming to be aggrieved by an unlawful employment practice, or that person's agent, may file with the commission a complaint, which must be in writing under oath or affirmation, stating that an unlawful employment practice has been committed, setting forth the facts on which the complaint is based, including the date, place, and circumstances of the alleged unlawful employment practice, and setting forth facts sufficient to

On May 23, 1990, Cook travelled to Austin to meet with Bob Mitchell, an employee of the TCHR, to file written complaints of age discrimination for himself and Moore. Mitchell allegedly told Cook that the written statements he proffered were insufficient to constitute complaints.[2] Nevertheless, plaintiffs allege that Mitchell also told Cook that he would keep the written statements to open a file that could be supplemented with "termination reviews," and that once Cook and Moore had submitted their termination reviews, the TCHR would reevaluate their allegations of age discrimination to determine whether a violation had occurred.[3] Following this refusal by the TCHR to accept plaintiffs' complaints against Lee College, plaintiffs contacted an attorney who allegedly advised them to wait for a determination by the TCHR before taking any further steps to assert their claims against the college.

On June 30, 1990, Lee College notified plaintiffs that due to their failure to submit degree plans, their employment contracts would not be renewed. Later that summer, Cook and Moore were notified by Mitchell that the TCHR had reviewed the evidence that they had submitted concerning their claim of age discrimination and had found nothing to indicate that either of them had reason to file an age discrimination complaint.[4]

Following the TCHR's determination that Cook and Moore had no reason to file complaints of age discrimination against Lee College, the plaintiffs filed a lawsuit styled *John W. Cook and Robert L. Moore v. Lee College*, Civil Action No. H-91-0823, in which they alleged claims identical to those alleged in the present action. Plaintiffs' previous lawsuit was dismissed without prejudice on June 14, 1991, because of their failure to file charges of age discrimination with either the Equal Employment Opportunity Commission (EEOC) or the TCHR as mandated by 29 U.S.C. §§ 626(d) and 633(b).[5] After the dismissal of their lawsuit, plaintiffs filed charges of age discrimination with both the EEOC and the TCHR on November 4, 1991,[6] and received

enable the commission to identify the person charged.

Tex.Rev.Civ.Stat.Ann. art. 5221k (West 1987). *See also* the definition of "complaint" at 40 Texas Administrative Code § 321.1.

**2.** The reasons why the TCHR found the written statements submitted by plaintiffs insufficient are disputed. In their affidavits, Cook and Moore state that the TCHR refused to accept their written statements as complaints because at the time they tried to file them on May 23, 1990, neither of them had actually been terminated. (Affidavits of Cook and Moore attached to Plaintiffs' Supplemental Response to Defendant's Motion to Dismiss, Docket Entry No. 11) In a letter sent to Cook in October of 1991, TCHR's executive director, William Hale, made the following statement concerning Cook and Moore's contact with the TCHR and the TCHR's reason for rejecting their allegations:

I have reviewed your letter of August 30, 1991, and the information contended therein is incorrect. According to the record in May of 1990, you contacted the commission's office to file a complaint of employment discrimination based on age. In reviewing the facts and circumstances with respect to your allegations you acknowledged that the educational policy and requirements alleged to be discriminatory applied to all like or similarly situated employees without regard to age. Therefore, you did not have the elements of a prima facie case of employment discrimina-

tion absent a causal connection between the policy and your age—over forty (40).

Exhibit A attached to Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 7.

**3.** Affidavit of John W. Cook attached to Plaintiffs' Supplemental Response to Defendant's Motion to Dismiss, Docket Entry No. 11.

**4.** Cook states that Mitchell telephoned him in mid-July of 1990 and left a message on his telephone answering machine notifying him that the TCHR had found no reason for which he should file a charge of age discrimination against the college. Although Cook also states that Moore was contacted the same day, Moore states that he spoke with Mitchell in mid-August of 1990 when he too was notified that the TCHR had found no reason for him to file a charge of age discrimination against the college. See Affidavits of Cook and Moore attached to Plaintiffs' Supplemental Response to Defendant's Motion to Dismiss, Docket Entry No. 11.

**5.** Order entered on June 14, 1991, Appendix A attached to Defendant's Motion to Dismiss, Docket Entry No. 5.

**6.** Copies of the charges filed by plaintiffs with the EEOC and the TCHR on November 4, 1991, are attached to Defendant's Motion to Dismiss, Docket Entry No. 5, Appendixes B and C, and to

right-to-sue letters issued by the EEOC on the same day.[7] Plaintiffs filed the present action on February 11, 1992.

On March 11, 1992, Lee College filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment, arguing that plaintiffs' claims of age discrimination are barred because they were not timely filed with either the EEOC or the TCHR. At a hearing held on June 19, 1992, the court ordered plaintiffs to supplement their Response in Opposition to Defendant's Motion by describing the nature of the contact that plaintiffs had with the TCHR in May of 1990 and the effect, if any, those contacts had in terms of the ADEA's charging requirements.[8] In response, plaintiffs each submitted an affidavit describing their efforts to file complaints of age discrimination against the college with the TCHR in May of 1990 and the reason why the TCHR allegedly refused to investigate their allegations.

## II. *ADEA's Filing Requirement*

■ Lee College argues that it is entitled to summary judgment because

> even assuming for the sake of argument that Plaintiffs' contacts with the TCHR in May 1990 amounted to the filing of a "complaint" with that agency, Plaintiffs are still barred from bringing suit under the ADEA ... [because] they did not file charges with the EEOC until November 4, 1991,—492 days after the alleged discriminatory act.[9]

The issue before the court is whether the contacts that plaintiffs had with the TCHR in May of 1990 satisfied the ADEA's requirement that aggrieved parties file charges of discrimination with both the EEOC and the appropriate state agency prior to bringing suit in federal court.

■ Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed. R.Civ.P. 56(c). The United States Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the moving party has pointed out the absence of evidence supporting the nonmoving party's case, the nonmoving party's failure to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue as to a material fact exists. *Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir.1991). Rule 56(c) requires the nonmoving party to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, or admissions on file that specific facts exist over which there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. For the reasons explained below, the court finds that the affidavits submitted by plaintiffs preclude granting defendant's motion for summary judgment.

■ 29 U.S.C. § 626(d) requires aggrieved parties to file charges of discrimination with the EEOC prior to bringing suit in federal court.[10] In states such as Texas, which have state agencies authorized to

---

Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 7.

**7.** Exhibit B attached to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 7.

**8.** Docket Entry No. 10.

**9.** Defendant's Reply to Plaintiffs' Supplemental Response, Docket Entry No. 12, p. 3.

**10.** Section 626(d) reads in pertinent part:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed ...
> (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

grant and seek relief from employment discrimination, 29 U.S.C. § 633(b) requires aggrieved parties to file charges with the appropriate state agency as well.[11] Failure to file a timely charge with either the state agency or the EEOC bars a lawsuit unless equitable reasons toll the running of the charge-filing period.

Although the ADEA requires an aggrieved party to file a "charge" with the appropriate state and federal authorities prior to bringing suit, it does not define the term "charge." On January 3, 1983, EEOC promulgated final regulations governing the procedures for seeking relief pursuant to the ADEA. 48 Fed.Reg. 140 (Jan. 3, 1983). These final regulations define "charge" as:

> a statement filed with the Commission by or on behalf of an aggrieved person which alleges that the named prospective defendant has engaged in or is about to engage in actions in violation of the Act,

29 C.F.R. Ch. XIV, Subpart B, § 1626.3. The regulations additionally provide that

> [a] charge shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s). Charges received in person or by telephone shall be reduced to writing.

29 C.F.R. Ch. XIV, Subpart B, § 1626.6. In states having regulatory agencies authorized to grant and seek relief from age

discrimination, the regulations allow the EEOC to

> (b) ... enter into agreements ... which authorize such agencies to receive charges and complaints ... in accordance with the specifications [for timeliness and content] contained in §§ 1626.7 and 1626.8[;]

and provide that

> (c) [w]hen a worksharing agreement with a State agency is in effect ... [c]harges received by one agency under the agreement shall be deemed received by the other agency for purposes of [timeliness prescribed by] § 1626.7.

29 C.F.R. Ch. XIV, Subpart B, § 1626.10.

In May of 1990, the EEOC had a worksharing agreement with the TCHR which provided in pertinent part as follows:

> EEOC by this Agreement designates and establishes the [TCHR] as a limited agent of EEOC for the purpose of receiving charges, on behalf of EEOC and the [TCHR] agrees to receive such charges. This delegation of authority does not include the right of the [TCHR] to make final determinations on the jurisdiction of the EEOC over charges.[12]

Because in May of 1990 the EEOC had a worksharing agreement with the TCHR, which designated the TCHR as an agent of the EEOC for purposes of receiving charges, charges filed with the TCHR during the effective period of the worksharing agreement are deemed received by the EEOC for purposes of timeliness. 29

---

**11.** Section 633(b) provides in pertinent part:
In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: Provided ... [i]f any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority.

**12.** Worksharing Agreement between the Equal Employment Opportunity Commission and the Texas Commission on Human Rights, § 2(A). The worksharing agreement in effect during May of 1990 took effect on October 1, 1989, and terminated on September 30, 1990. In pertinent part, the worksharing agreements subsequently executed between the EEOC and the TCHR are identical to that in effect during May of 1990. (Although the parties have filed two rounds of briefs on the sufficiency of plaintiffs' charge under the ADEA, neither party provided the court with a copy of the Worksharing Agreement. The court obtained a copy from the EEOC, and takes judicial notice of it, in order to address this issue promptly without the filing of further papers by the parties.)

C.F.R. Ch. XIV, Subpart B, § 1626.10(c).[13] Therefore, if as plaintiffs allege, they actually gave written and signed statements naming Lee College and generally alleging the discriminatory acts that they claim constitute a violation of the law to the TCHR in May of 1990, then by virtue of the worksharing agreement in effect between the TCHR and the EEOC, they would have satisfied the charge-filing requirements mandated by the ADEA and the regulations by which it is implemented.[14]

■ The court is not persuaded by defendant's argument that the oral and written contacts that plaintiffs had with the TCHR in May of 1990 "did not constitute a timely 'charge' under the Texas Act" because the Texas Act requires complaints to be under oath or affirmation.[15] Charges filed under the ADEA need not satisfy the requirements for complaints filed pursuant to state law if those requirements demand more than a written and signed statement of the facts upon which the allegations are based. 29 U.S.C. § 633(b); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 760–761, 99 S.Ct. 2066, 2073–2074, 60 L.Ed.2d 609 (1979). The written and signed statements of discrimination submitted by Cook and Moore to the TCHR in May of 1990 satisfied the ADEA's requirement that charges of discrimination be filed with both the EEOC and the appropriate state agency even though they may not have satisfied the more rigorous filing requirements prescribed by the Texas Act.[16]

## III.  *Conclusion*

Because plaintiffs have submitted affidavits asserting that they submitted written and signed statements setting forth the basis of their age discrimination claim against Lee College to the TCHR in May of 1990, because under the terms of the Worksharing Agreement then in effect between the TCHR and the EEOC, the TCHR acted as an agent of the EEOC for purposes of receiving charges filed under the

**13.**  *See Washington v. Patlis,* 868 F.2d 172, 175 (5th Cir.1989), and *Urrutia v. Valero Energy Corp.,* 841 F.2d 123, 125 (5th Cir.), *cert. denied,* 488 U.S. 829, 109 S.Ct. 82, 102 L.Ed.2d 59 (1988), in which the Fifth Circuit has found that the EEOC's routine transmission of charges filed with it to the TCHR under a worksharing agreement instituted the state proceedings required by Title VII's § 706(e).

**14.**  *See Worthington v. Union Pacific R.R.,* 948 F.2d 477, 479–480 (8th Cir.1991), and *Green v. Los Angeles Cty. Superintendent of Sch.,* 883 F.2d 1472, 1476 (9th Cir.1989), in which Title VII charges filed with state agencies were deemed to have been received by the EEOC because under the worksharing agreements in effect between the EEOC and the state agencies, the state agencies were agents of the EEOC. *See also Stearns v. Consolidated Management, Inc.,* 747 F.2d 1105, 1113–1114 (7th Cir.1984), in which the court held that the plaintiff's filing with the state agency which then acted as her agent in filing her ADEA charge with the EEOC satisfied the ADEA's filing requirements.

**15.**  *See* footnote 1 and Defendant's Reply to Plaintiffs' Supplemental Response, Docket Entry No. 12, p. 2.

**16.**  "Complaint" is defined in 40 Texas Administrative Code § 321.1 as follows:

A written statement made under oath or affirmation stating that an unlawful employment practice has been committed, setting forth the facts on which the complaint is based, including the dates, places, and circumstances of the alleged unlawful employment practice, and setting forth facts sufficient to enable the commission to identify the person charged.

In contrast, the regulations promulgated for implementing the ADEA define "complaint" as

information received from any source, that is not a charge, which alleges that a named prospective defendant has engaged in or is about to engage in actions in violation of the Act,

and "charge" as

a statement filed with the Commission by or on behalf of an aggrieved person which alleges that the named prospective defendant has engaged in or is about to engage in actions in violation of the Act.

29 C.F.R. Ch. XIV, Subpart B § 1626.3. The regulations further provide that a "charge" filed under the ADEA "shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory acts." 29 C.F.R. Ch. XIV, Subpart B § 1626.6. The distinction between the regulatory definitions of "complaint" and "charge" lies in the identity of the person providing the information: charges are filed by aggrieved parties while complaints are filed by any source other than those filing charges. *See Greanias v. Sears, Roebuck and Co.,* 697 F.Supp. 1025, 1029–1030 (N.D.Ill.1988), and *Steffen v. Meridian Life Ins. Co.,* 859 F.2d 534, 542–543 (7th Cir.1988), holding that information contained in EEOC intake questionnaires satisfy the requirements for filing charges under the ADEA.

ADEA, and because charges filed under the ADEA need not meet the requirements of state law if those requirements demand more than a written and signed statement of the facts on which the claim is based, plaintiffs' uncontested summary judgment evidence establishes that plaintiffs satisfied the ADEA's requirement that aggrieved parties file charges of discrimination with both the EEOC and the appropriate state agency within 300 days of the alleged discriminatory acts prior to bringing suit in federal court. Accordingly, defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, Docket Entry No. 5, is DENIED.