**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 27, 2009

No. 08-31163
Summary Calendar

Charles R. Fulbruge III
Clerk

BARBARA KNIGHT; MARSHALL KNIGHT

Plaintiffs - Appellants

v.

KELLOGG BROWN & ROOT INC, A Haliburton Company

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana at New Orleans
2:06-CV-11164

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

On her way to a company-provided shuttle bus after work, plaintiff Barbara Knight tripped and fell just outside Gate 3 of the Chalmette, L.L.C. refinery. As a result, she broke a finger, which required surgery. She and her husband, Marshall Knight, then sued Kellogg Brown & Root Inc., an independent contractor that performed maintenance at the refinery, alleging that its negligence in maintaining the road where Barbara fell caused her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

physical injury and Marshall's loss of consortium, among other things. Kellogg Brown & Root Inc. filed a motion for summary judgment in which it argued that the plaintiffs failed to establish that it owed the plaintiffs a duty because it had not performed work in the area where Barbara's accident occurred. The plaintiffs responded by producing documents purporting to show that Kellogg Brown & Root Inc. had performed work in the area where Barbara fell. The district court determined that the documents were inadmissible as unauthenticated business records and, even if the documents were considered, that the plaintiffs failed to establish the existence of a genuine issue of material fact as to whether Kellogg Brown & Root Inc. owed a duty to the plaintiffs. The court therefore granted the motion for summary judgment. The plaintiffs then filed a motion for new trial—construed as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure—pressing the district court to alter or amend its judgment. The district court denied the motion. Now, the plaintiffs appeal both the grant of summary judgment and the denial of the Rule 59(e) motion. Because the summary judgment evidence reveals no genuine issue of material fact as to the duty element of plaintiffs' claim and because the district court did not abuse its discretion in denying the plaintiffs' Rule 59(e) motion, we affirm both orders.

## I. BACKGROUND

On November 9, 2005, Barbara Knight, an ExxonMobil employee working as a lab technician at the Chalmette, L.L.C. refinery, left work to catch a transport van located outside of the refinery's Gate 3, an exit leading toward Paris Road. Just after passing through Gate 3, Barbara Knight's foot caught on either a protruding piece of pipe, the raised cement lip of a pothole, or some combination of the two. Her ensuing fall resulted in a fractured fourth metacarpal—her ring finger—that required surgery and physical therapy.

On November 8, 2006, the plaintiffs filed a complaint in Louisiana state court against Kellogg Brown & Root, Inc. ("KBR"), an independent contractor hired to perform construction and supplemental maintenance at the refinery. In their complaint, the plaintiffs urged that KBR was liable for the injury to Barbara's finger and for Marshall's resulting loss of consortium due to KBR's negligence in "remov[ing] certain fencing and concrete located alongside the Paris Road entrance to the refinery." Specifically, the plaintiffs asserted that KBR was negligent for "[f]ailure to totally remove the pipe from the concrete," "[f]ailure to properly remove all of the fence and to properly grade said area," "[f]ailure to inspect the job and remove the remaining piece of pipe sticking up," and "[a]ny acts of negligence which will be shown at trial."

KBR responded on December 19, 2006, by removing the case for a bench trial to the United Stated District Court for the Eastern District of Louisiana based on diversity of citizenship. On June 9, 2008, KBR filed its Motion for Summary Judgment asserting that the record contained insufficient evidence to prove that it owed a duty to the plaintiffs. In support of its motion, KBR pointed to Barbara Knight's deposition in which she testified that she was unaware of what work KBR performed at the refinery.[1] KBR additionally submitted the affidavits of Todd Morse and Eli Williams—respectively, KBR's Site Manager for the refinery and its Superintendent of the Building and Grounds Division. Both employees asserted in their affidavits that "[KBR] is not responsible for the

---

[1] Specifically, in response to questions from KBR's counsel, Barbara Knight stated:

Q.      . . . Do you know what [KBR] do[es] out at the refinery?
A.      Various jobs.
Q.      Maintenance? You don't know?
A.      I don't know.
* * *
Q.      Do you have any knowledge that [KBR] did any work in the area where you fell?
A.      I don't have any knowledge other than knowing that the road was tore up by something, which is the construction part of the area.

upkeep, maintenance or repair of the road leading to Gate 3 which was the site of the accident" and that, to the best of their knowledge, "Exxon/Mobil never instructed KBR to fix any potholes in the road leading to Gate 3 where the accident occurred."[2]

The plaintiffs parried with a Memorandum in Opposition to KBR's motion. In it, they first contended that KBR's proffered affidavits had "fail[ed] to state that KBR had no involvement" in maintaining the area of the accident. They then asserted that KBR clearly had a duty to maintain the area as evidenced by numerous documents that the plaintiffs appended to their memorandum. These documents, submitted for the first time as Appendices A and B of the plaintiffs' memorandum and purportedly obtained from ExxonMobil (the "Project No. 7859 Documents"), evidenced, according to plaintiffs, a "Project No. 7859" pursuant to which KBR was "involved in demolition of concrete slabs and fences" in the area where Barbara Knight fell. Specifically, Appendix A consisted of spreadsheets, each with the heading "KBR Estimating" and dated August 8, 2002. Addressed to the client, ExxonMobil, these spreadsheets appear to detail the cost estimates for various construction projects in numerically designated

---

[2] Further, Morse stated in his affidavit:

> That to the best of his knowledge, [KBR] had nothing to do with the tearing down of part of the fence in the immediate area outside of Gate 3 where this accident happened and did not cut down any fence posts in the area where the accident happened.

For Williams's part, he stated:

> (3) That he is familiar with the area outside of Gate 3 of the Chalmette Refinery and the immediate vicinity where this accident happened.
> * * *
> (5) That to the best of his knowledge, the parts of the fence and the fence posts that were removed in the immediate area of this accident were removed by Performance Contractors.
> (6) That if [KBR] had taken down any of the fences in the area of this accident or cut down any of the fence posts in the area of this accident, as Superintendent of the Building[] and Grounds Division of [KBR], and as General Foreman of the Building and Grounds Division of [KBR], he would have known about it.

areas of the refinery, though nothing in the documents explains where in the refinery each numerical area is found. For example, the first page estimates a total "Project Cost" of $23,471 for unspecified work will occur in the refinery's undefined "Area 22." Appendix B contains various maps and schematics of sections of the refinery. The maps contain numerous notations and symbols, but these are so small as to be illegible. Similarly, the writing on the key accompanying all of the maps is unreadable. Other than the arguments in their memorandum, the plaintiffs included no evidence explaining or interpreting the Project No. 7859 Documents.

The parties' exchange of briefs continued. In KBR's Response in Support of Summary Judgment, it argued that the Project No. 7859 Documents were inadmissible as hearsay because they constitute unauthenticated business records. The plaintiffs' subsequent Supplemental Memorandum in Opposition included a July 21, 2008 affidavit from Barbara Knight. This affidavit avers that the Project No. 7859 Documents were kept in the normal course of business in ExxonMobil's Department of Maintenance and Engineering and that they showed that KBR removed concrete and piping in the area where Barbara Knight fell. Further, the plaintiffs averred that KBR was performing new construction, as shown by the Project No. 7859 Documents, and not maintenance work in the area of Gate 3; thus, they reasserted that KBR failed to demonstrate that it had no involvement in performing work in the area of Barbara Knight's fall because Morse's and Williams's recent depositions indicated that they were only familiar with KBR's maintenance work and not its new construction.[3]

---

[3] While questioned by the plaintiffs' counsel, Morse stated in his deposition:
Q.      Did you work on [Project No. 7859]?
A.      No.
Q.      Okay. Do you know anything about that particular job?
A.      No, I do not.
* * *
Q.      . . . Prior to November 2005, did KBR . . . do any work outside of Gate

Finally, KBR's Supplemental Memorandum in Support contended that the business record exception still did not apply to the Project No. 7859 Documents because Barbara Knight was neither ExxonMobil's records custodian nor an "other qualified witness" possessing personal knowledge concerning when and how the records were made. KBR also restated its argument that the plaintiffs failed to point to any evidence linking KBR to either maintenance work or new construction in the area where the accident occurred.

On August 1, 2008, the district court granted KBR's Motion for Summary judgment. It first determined that the summary judgment evidence—the affidavit and deposition of Barbara Knight, the affidavits and depositions of Morse and Williams, and the Project 7859 Documents—failed to satisfy the plaintiffs' obligations under Rule 56 of the Federal Rules of Civil Procedure. Addressing the Project No. 7859 Documents in particular, the court stated that the plaintiffs "have not put forth admissible, related evidence explaining the substance of these documents—which consist primarily of cryptic and very small

---

3, immediate area inside of Gate 3, or around Building 4 . . . —
A.      No.
Q.      —but actual work on the physical grounds in those three areas prior to . . . November of 2005, to your knowledge?
A.      No.

Williams stated in his deposition:
Q.      Okay. So you didn't do any work on new construction or development of that sort?
A.      No.
* * *
A.      Because [KBR] do[es] not take down fences. We do not do fence work in the plant.
Q.      Okay. Who does the fence work in the plant?
A.      Performance.
* * *
A.      Because . . . we do not do road jobs, and we don't do any work around Gate 3 dealing with the roads.
Q.      And again, your testimony is limited to maintenance, correct?
A.      Correct.

text and diagrams that are difficult to decipher, much less interpret—so as to properly connect them to the situs of Ms. Knight's accident and KBR's alleged duties regarding that area." Even if the documents created a genuine issue of material fact, however, the court determined that they were inadmissible hearsay because the plaintiffs failed to authenticate the documents as business records: Barbara Knight's affidavit fell short because she was neither the records custodian nor otherwise qualified with personal knowledge regarding how the records were made and kept; the documents were not subpoenaed from ExxonMobil; no other affidavit was obtained from either ExxonMobil or KBR; and the depositions of Morse and Williams failed to render the documents admissible. Thus, the court granted KBR's Motion for Summary Judgment and dismissed the plaintiffs' claims with prejudice.

Within ten days after the district court entered judgment in KBR's favor, the plaintiffs filed a Motion for New Trial asking the court to reconsider and set aside its judgment. The district court treated the motion as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. In the plaintiffs' motion, they argued (1) that the court's granting summary judgment constituted a manifest error of law and (2) that newly discovered evidence warranted reconsideration. As new evidence, the plaintiffs submitted documents that they obtained by subpoenaing ExxonMobil. The documents allegedly concerned plans for the installation of a low sulfur MOGAS unit at the refinery (the "MOGAS Documents") and were similar to the Project No. 7958 Documents in that they contained various unexplained spreadsheets and schematic maps of the refinery. According to the plaintiffs, the documents describe new construction work done by KBR related to the installation of the MOGAS unit in the area where Barbara Knight's accident occurred. KBR, in opposing this motion, argued that the district court did not commit a manifest error of law and that the plaintiffs failed to show why they could not have

discovered this evidence through the exercise of due diligence prior to the district court's judgment. The district court agreed with KBR and denied the plaintiffs' motion on November 7, 2008.

The plaintiffs timely appealed both the district court's order granting summary judgment and its order denying reconsideration.

## II. DISCUSSION

We first consider the plaintiffs' challenge to the grant of summary judgment. Finding no error, we then turn to consider the court's denying plaintiffs' Rule 59(e) motion.

### A. The Grant Of Summary Judgment

We review the grant of summary judgment de novo. *Marseilles Homeowners Condo. Ass'n Inc. v. Fid. Nat'l Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In making this determination, we "must view all facts in the light most favorable to the non-movant." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163–64 (5th Cir. 2006).

The party moving for summary judgment bears the burden of establishing that no genuine issue of material fact exists and may satisfy this burden "by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element" on which the nonmovant bears the ultimate burden of proof at trial. *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). In response, the nonmovant must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Adams*, 465 F.3d at 164 (internal quotation marks omitted). The nonmovant's burden is not satisfied "with conclusory allegations,

unsubstantiated assertions, or only a scintilla of evidence." *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (same). Further, summary judgment evidence cannot be based on inadmissible hearsay. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995) ("Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial.").

In a Louisiana negligence cause of action, "'[t]he duty–risk analysis is the standard negligence analysis employed in determining whether to impose liability.'" *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (alteration in original) (quoting *Lemann v. Essen Lane Daiquiris*, 923 So. 2d 627, 633 (La. 2006)). Under this analysis, the plaintiff must prove five elements:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

*Id.* (internal quotation marks omitted). The failure to prove any one of these elements results in a determination of no liability. *Id.*

Here, the question is whether the plaintiffs have pointed to summary judgment evidence sufficient to prove the essential duty element of their claim. The plaintiffs argue that the district court erred because: (1) KBR failed to prove its lack of involvement in the area of the accident; and (2) Morse's and Williams's depositions, in conjunction with the Project No. 7859 Documents, show that KBR performed new construction work in the area of the accident. KBR, on the other hand, initially argues that the Project No. 7859 Documents are unauthenticated and hence inadmissible because they do not meet the business record exception to the hearsay rule. Next, KBR responds to the plaintiffs' arguments by

emphasizing that the ultimate burden of proving that KBR owed Barbara Knight a duty lay with the plaintiffs and by asserting that the summary judgment evidence—even including the Project No. 7859 Documents—is insufficient to meet this burden.

We agree with KBR and conclude that the district court did not err in granting summary judgment. As KBR states in its brief, the "plaintiffs entirely fail to understand the nature of KBR's burden." The *plaintiffs* bear the burden of proving that a duty exists, and KBR "need not *negate* the elements of the nonmovant's case." *Little*, 37 F.3d at 1075; *see also Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) ("[I]f the moving party will not bear the burden of proof at trial, . . . '[it] need not produce evidence negating the existence of a material fact, but need only point out the absence of evidence supporting the nonmoving party's case.'" (quoting *Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991)). Thus, KBR is not required to prove that it was not involved in performing work around the area where Barbara Knight fell.

Turning to the consideration of the summary judgment evidence, we note that the plaintiffs have failed to challenge the district court's determination that the Project No. 7859 Documents constitute inadmissible hearsay, and the failure to challenge an issue on appeal waives the right to review of that issue. *See Dresser v. Ingolia*, No. 07-31121, 2009 WL 139662, at *3 n.7 (5th Cir. Jan. 21, 2009) ("The plaintiffs fail to challenge these determinations on appeal; therefore, they have waived these arguments."). Even so, the documents were properly excluded by the district court because Barbara Knight was not qualified to authenticate the documents as business records; thus, the documents do not satisfy the business record exception to the hearsay rule set forth as Rule 803(6) of the Federal Rules of Evidence. *See United States v. Baker*, 538 F.3d 324, 331 (5th Cir. 2008) (stating that "[t]he means of authenticating records of regularly conducted activity under Rule 803(6) are found within that rule" and concluding

that evidence was inadmissible because the sponsoring witness lacked personal knowledge of how the report was prepared or of the business's practices in making the records); *Moore v. United Parcel Serv., Inc.*, 150 F. App'x 315, 318 (5th Cir. 2005) (concluding that the district court properly determined that evidence failed to support a plaintiff's claim where the plaintiff submitted documents that were unauthenticated business records and were unaccompanied by explanatory information to understand the statistical data that they contained).

That said, the summary judgment evidence, even were we to include the Project No. 7859 Documents, fails to create a genuine issue of material fact as to KBR's duty in the area where Barbara Knight fell. Morse's and Williams's affidavits and depositions demonstrate that KBR performed no maintenance work in the area, and the Project No. 7859 Documents show planned construction projects as of August 2002 in impossible-to-identify locations on refinery property by means of indecipherable schematics, maps, and spreadsheets. The plaintiffs' conclusory assertions as to the import of the Project No. 7859 Documents notwithstanding, there is nothing in the record to suggest that KBR owed a duty to the plaintiffs by virtue of its performing work in the area of Barbara Knight's accident. Therefore, the district court did not err in granting KBR's Motion for Summary Judgment.

## B.    The Denial Of A New Trial

The plaintiffs next challenge the district court's denial of their Motion for New Trial, which the district court properly treated as a Rule 59(e) motion to alter or amend the judgment. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (stating that a motion attempting to challenge a prior summary judgment on the merits will be treated as a Rule 59(e) motion "[i]f [it] is served within ten days of the rendition of judgment"), *abrogated on other grounds by Little*, 37 F.3d at 1075 n.14. "Rulings on Rule

59(e) motions are reviewed for abuse of discretion. Unless the district court clearly abused its discretion in determining that plaintiffs' motion neither established a manifest error of law or fact nor presented newly discovered evidence, the district court's ruling should not be disturbed." *Coliseum Square Ass'n v. Jackson*, 465 F.3d 215, 247 (5th Cir. 2006) (citation omitted).

A Rule 59(e) motion "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence" and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Here, plaintiffs attempt to do just that. First, they assert that granting summary judgment constitutes a manifest error of law by re-arguing that KBR failed to meet its burden of proving the non-existence of a genuine issue of material fact. Like before, the plaintiffs misunderstand the summary judgment standard; as the party bearing the ultimate burden of proof at trial, the onus is on the plaintiffs to demonstrate the existence of a genuine issue of material fact concerning this essential element.

And second, the plaintiffs argue that newly discovered evidence obtained by subpoenaing ExxonMobil—the MOGAS Documents—warrants alteration of the judgment. However, the plaintiffs fail to adequately explain why they did not obtain these documents before summary judgment, and "'[a]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration.'" *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847–48 (5th Cir. 2006) (quoting *Templet*, 367 F.3d at 479). Plaintiffs assert that they failed to produce these documents earlier because they "believed that [the] documents in their possession were sufficient to prove that KBR worked in the area in question." Additionally, they contend that KBR failed to provide these documents in

response to a request for discovery. Both of these arguments are unpersuasive: the plaintiffs' confidence provides no excuse for their failure to obtain this evidence before the district court's judgment, and there is nothing to suggest that KBR actually possessed these documents and purposefully withheld them. Further, the plaintiffs knew from the outset of these proceedings that the accident occurred on the grounds of a refinery operated by ExxonMobil, and they could have easily obtained these documents from ExxonMobil prior to judgment.

For these reasons, the district court did not abuse its discretion when it denied the plaintiffs' Rule 59(e) motion.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order granting KBR's motion for summary judgment and AFFIRM the district court's order denying the plaintiffs' Rule 59(e) motion.