Carl O. BROWN, Jr.

v.

**R.J. REYNOLDS TOBACCO COMPANY, et al.**

Civ. A. No. 92–836.

United States District Court, E.D. Louisiana.

April 13, 1994.

---

George R. Covert, Baton Rouge, LA, for plaintiff.

Charles L. Chassoignoc, Chaffe, McCall, New Orleans, LA, for R.J. Reynolds.

Stevan Copley, John McCollam, Gordon, Arata, New Orleans, LA, for Lorrilard Inc.

Charles Goy Jr., Adams & Reese, New Orleans, LA, for Phillip Morris Inc.

Jerome Weigel, Jones, Walker, New Orleans, LA, for Liggett.

BEER, District Judge.

This matter is currently before the Court on the defendants' motion for summary judgment seeking dismissal of plaintiff's remaining claim of defective design under the Louisiana Products Liability Act ("LPLA"), La. Rev.Stat.Rev. § 9:2800.51. For the reasons that follow, the defendants' motion for summary judgment is GRANTED.

Plaintiff filed this action on February 10, 1992, as a products liability action against R.J. Reynolds Tobacco Company, Lorillard, Inc., Phillip Morris Incorporated and Liggett Group Inc. (collectively, the "defendants"). Plaintiff's petition alleges that from 1946 to date, the defendants were in the business of manufacturing and selling cigarettes. From 1946 to 1953, plaintiff smoked Camel cigarettes, manufactured by R.J. Reynolds. From 1953 to 1970, plaintiff smoked Picayune cigarettes manufactured by the Liggett Group, Inc. From 1970 to 1985, plaintiff smoked True cigarettes manufactured by Lorillard, Inc. From 1985 to 1991, plaintiff smoked Benson & Hedges cigarettes manufactured by Phillip Morris, Inc.

Plaintiff was diagnosed on February 13, 1991, as having cancer of the throat and vocal chords. Plaintiff's petition alleges that the defendants designed, manufactured, and sold cigarettes which were unreasonably dangerous per se, were unreasonably dangerous in design and failed to provide adequate warnings.

Plaintiff's Complaint sets forth four purported theories of recovery: (1) defendants' tobacco products are unreasonably dangerous per se; (2) defendant's manufacture and sale of cigarettes is an ultrahazardous activity; (3) defendants' tobacco products are unreasonably dangerous because they contain design defects; and (4) the defendants have practiced fraudulent misrepresentation, concealment and conspiracy.

On November 3, 1993, this Court granted the defendants' motion for partial summary judgment, dismissing three[1] of plaintiff's four claims because the LPLA enumerates the exclusive list of possible product liability causes of action in Louisiana, and none of those three theories asserted by plaintiff is recognized under the LPLA.

Thus, the only remaining claim is plaintiff's claim that the product (i.e., cigarettes) is unreasonably dangerous in design.

The LPLA provides that a product is unreasonably dangerous in design if, at the time the product left its manufacturer's control: (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An adequate warning about a product shall be considered in evaluating the likelihood of

---

1. The three claims dismissed were (1) the unreasonably *per se* claim; (2) the ultrahazardous activity claim; and (3) the claim for fraudulent misrepresentation, concealment and conspiracy claim.

10

damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product. La.Rev.Stat. 9:2800.56.

■ The plaintiff bears the burden of proof on all of these elements. In particular, the plaintiff must prove that: (1) a feasible alternative cigarette design existed, (2) at the time the cigarettes allegedly consumed by him "left the manufacturer's hands", (3) "that would have prevented his damage" and (4) would have satisfied the risk-utility test enacted by Section 2800.56(2). *Miles v. Olin Corp.*, 922 F.2d 1221, 1226 (5th Cir.1991); *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 181 (5th Cir.1990); *Berry v. Commercial Union Ins. Co.*, 565 So.2d 487 (La.App.2d Cir.), *cert. denied*, 569 So.2d 959 (La.1990).

■ In support of its motion for summary judgment, defendants' point out plaintiff's failure to identify an expert, and the absence of any expert report produced by plaintiff that mention cigarette design or identify a feasible alternative cigarette design.

In opposition to the motion for summary judgment, and to meet his burden of proof, plaintiff relies entirely upon a document published by defendant R.J. Reynolds ("RJR") describing in detail findings by that cigarette manufacturer's experts relating to the "NEW CIGARETTE" subsequently referred to as the "Premier" cigarette. The document provides that design innovations had been instituted in the early 1950's primarily designed to reduce the "tar" content in cigarettes. With respect to an alternative design, the documents refer to the development of the Premier cigarette in the 1980's, in which a small carbon heat source, combined with an aluminum heat conductor, tobacco, and glycerol, produced smoke without burning any tobacco.

The existence of the RJR document, however, does not create an issue of material fact to defeat summary judgment because such document cannot sustain plaintiff's burden of proof as a matter of law. Under the LPLA, a necessary element of proof for defective design is that an alternative design existed at the time the product left the manufacturer's

control that was commercially feasible. *See Miles*, 922 F.2d at 1226; *Lavespere*, 910 F.2d at 181; *Berry*, 565 So.2d at 492. Defendants' Exhibits 1, 2 and 3 demonstrate that RJR's test market of the Premier cigarette was a failure, and that the product was withdrawn from the marketplace. Plaintiff appears to be unable to establish the necessary element of alternative, feasible design.

Moreover, because the Premier cigarette was test marketed in the 1980's, plaintiff does not offer proof of an alternative design against the manufacturers for the cigarettes he smoked before the 1980's. Plaintiff claims from 1946 to 1953, he smoked Camel cigarettes manufactured by RJR; from 1953 to 1970, he smoked Picayune cigarettes manufactured by the Liggett Group, Inc.; from 1970 to 1985, he smoked True cigarettes manufactured by Lorillard, Inc.; and from 1985 to 1991, plaintiff smoked Benson & Hedges cigarettes manufactured by Phillip Morris, Inc. The design defect claims against RJR and Liggett must be dismissed for lack of any evidence against those manufacturers. Further, the RJR document is not admissible against the remaining defendants, Lorillard and Phillip Morris, who manufactured the cigarettes smoked by the plaintiff from 1970 through 1991, under F.R.Evid. 801(d)(2). If the document were admissible, it could only be against RJR as a statement offered "against a party," and not against the remaining defendants who did not author such document. In any event, the Premier cigarette was not commercially feasible. For that reason, plaintiff has failed to establish that there is an issue of material fact that must be tried.

■ Summary judgment is appropriate if the record discloses that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). There is no genuine issue of fact if the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Moreover, the existence

of some technical factual dispute does not necessarily defeat an otherwise properly supported motion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Additionally, Rule 56(e) provides that once the moving party has presented a properly supported motion for summary judgment, the court must grant the motion unless "the adverse party's response, by affidavits or as otherwise provided in this rule, ... set[s] forth specific facts showing that there is a genuine issue for trial." F.R.C.P. 56(e). For purposes of this rule, the moving party does not have to submit evidentiary documents to "properly support" its motion when the opposing party bears the burden of proof on the issue on which summary judgment is sought. *Saunders v. Michelin Tire Corp.,* 942 F.2d 299, 301 (5th Cir.1991). Rather, the moving party properly supports his motion for summary judgment in such a case by "point[ing] out the absence of evidence supporting the nonmoving party's case." *Id.*

The defendants' motion for summary judgment is GRANTED. Counsel for the defendants are to submit a judgment consistent with this Order.