Louis MARKS

v.

**R. J. REYNOLDS TOBACCO COMPANY, et al.**

Civil Action No. 93–1496.

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Feb. 4, 1997.

Joseph R. Joy, III, Lafayette, LA, James L. Piker, Baton Rouge, LA, George R. Covert, Baton Rouge, LA, for Louis Marks.

Theodore M. Grossman, Stephen J. Kaczynski, Mark A. Belasic, Jones Day Reavis & Pogue, Cleveland, OH, Charles L. Chassaignac, Carmelite M. Bertaut, Chaffe McCall Phillips Toler & Sarpy, New Orleans, LA, H. Evans Scobee, Chaffe McCall Phillips Toler & Sarpy, Baton Rouge, LA, for R. J. Reynolds Tobacco Co.

Charles F. Gay, Jr., Adams & Reese, New Orleans, LA, Gary R. Long, William J. Crampton, James Averett Wilson, Patrick M. Sirridge, Donald J. Kemna, Shook Hardy & Bacon, Kansas City, MO, Patrick A. Juneau, Jr., Juneau Firm, Lafayette, LA, for Phillip Morris Inc.

Robert E. Winn, Sally A. Shushan, John W. Hite, III, Sessions & Fishman, New Orleans, LA, for American Tobacco Co.

H. Evans Scobee, Chaffe McCall Phillips Toler & Sarpy, Baton Rouge, LA, for K & B Inc.

## RULING

HAIK, District Judge.

Before the Court is a motion for summary judgment [63–1] filed on behalf of Defendants R. J. Reynolds Tobacco Company and Phillip Morris, Inc. (Defendants) requesting dismissal of the Plaintiff's two remaining claims of product design defect and breach of an express warranty, on the grounds that the pleadings, affidavits, and other evidence on file show that there is no genuine issue of material fact for trial. Plaintiff Louis Marks has filed a memorandum brief opposing Defendants' motion in response to which Defendants filed a reply memorandum in further support of the motion. The Court has thoroughly reviewed Defendants' motion for summary judgment, as well as all documentation filed in support and in opposition thereto. Based on the following analysis, the motion for summary judgment [63–1] on behalf of Defendants is hereby GRANTED.

## FACTS

On September 15, 1992, Plaintiff Louis Marks filed a petition for damages in the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana. Named as Defendants in Plaintiff's petition were R. J. Reynolds Tobacco Company, Phillip Morris, Inc., American Tobacco Co., and K & B Louisiana Corporation.[1] On August 30, 1993, Notice of Removal was filed by Defendants, R. J. Reynolds Tobacco Company, Phillip Morris, Inc., and American Tobacco Company. This matter was subsequently removed by order of this Court dated September 2, 1993.

In his complaint, Plaintiff originally sought to recover on six separate claims stemming from the alleged wrongful death of his wife, Verna B. Marks from smoking-related illnesses. On January 24, 1995, this Court granted summary judgment in favor of American Tobacco Company dismissing Plaintiff's claims against that defendant. The two remaining defendants, R. J. Reynolds Tobacco Company and Phillip Morris, Inc. filed a motion for partial summary judgment on January 2, 1996, seeking dismissal of all Plaintiff's causes of action other than Plaintiff's claims for product design defect and breach of an express warranty. On February 28, 1996, this Court granted the motion for partial summary judgment. The United States Fifth Circuit Court of Appeals affirmed this judgment and, on November 5, 1996, denied Plaintiff's Request for Rehearing En Banc.

---

1. On August 30, 1993, judgment was granted by the State Court in favor of K & B, dismissing plaintiff's claims against K & B with prejudice and at plaintiff's costs.

Defendants, by the motion for summary judgment presently before this Court, now seek to have Plaintiff's two remaining claims, design defect and express warranty, dismissed.

## APPLICABLE LAW

### A. Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted where:

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

No genuine issue of material fact exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The burden of proof as to the lack of a genuine issue of fact is on the moving party, and a court should not grant summary judgment unless convinced that there is no evidence to sustain a recovery under any circumstances.

In determining whether existence of such genuine issues of material fact are present, this Court must view the record in a light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences to be drawn from the facts. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–90, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). Thus, summary judgment is inappropriate where there is a genuine disagreement as to the reasonable inferences to be drawn from undisputed facts or when the summary judgment evidence is subject to conflicting interpretations. *Xerox Corp. v. Genmoora Corp.,* 888 F.2d 345, 352 (5th Cir.1989); *Fields v. City of South Houston, Tex.,* 922 F.2d 1183, 1191 (5th Cir.1991).

Although, the burden of proof as to the lack of a genuine issue of material fact is on the moving party, it may be shifted if the moving party can demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. at 325, 106 S.Ct. at 2553–54; *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990). The burden then shifts to the nonmoving party who must come forward with evidence to support his claim. *Id.* To establish the sufficiency of the evidence, the nonmover must "go beyond the pleadings" and designate facts to support each element of the cause of action, showing that there is a genuine issue of material fact. *Id.* Further, the Court must not weigh evidence on summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Amburgey v. Corhart Refractories Corp., Inc.,* 936 F.2d 805, 809 (5th Cir.1991). The movant is entitled to all reasonable and justifiable inferences which can be drawn from the evidence submitted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 255, 106 S.Ct. at 2513–14.

Pursuant to Federal Rule of Civil Procedure 56, Defendants have filed the instant motion for summary judgment. In the motion, Defendants allege that they cannot be held liable to Plaintiff under the Louisiana Products Liability Act because there is no evidence to support Plaintiff's remaining claims for product design defect and breach of an express warranty.

## LAW AND ANALYSIS

### B. Design Defect

The Louisiana Products Liability Act (LPLA), La. R.S. 9:2800.56, states in pertinent part:

A product is unreasonably dangerous in design if, at the time the product left its manufacturer's control:

(1) There existed an alternative design for the product that was capable of preventing the claimant's damages; and

(2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An

adequate warning about a product shall be considered in evaluating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product.

To recover on a claim for design defect under the statute, Plaintiff has the burden of proving that (1) a feasible alternative cigarette design existed, (2) at the time the cigarettes allegedly smoked by Mrs. Marks left the manufacturer's control, (3) that would have prevented Mrs. Marks' ailments and (4) would have satisfied the risk-utility test enacted by 9:2800.56(2).

■ In support of the motion for summary judgment, Defendants point out Plaintiff's failure to identify an expert and the absence of any expert report produced by plaintiff mentioning cigarette design or identifies a feasible alternative cigarette design. Defendants further note the absence of any evidence that Mrs. Marks would have abandoned her regular brands of cigarettes to use an alternative cigarette design or that an alternative design would have prevented her injury.

In opposition to the motion for summary judgment, plaintiff submits "The 1989 Report, Reducing the Health Consequences of Smoking," published by the Surgeon General of the United States, which sets forth the mortality rates for smokers. According to Plaintiff, the report concludes that smoking lower yield cigarettes appears to reduce the risk of lung cancer. In further support of his position, Plaintiff relies on advertisements showing the tar content of the various cigarettes manufactured by Defendants.

The documents relied upon by Plaintiff cannot sustain Plaintiff's burden of proof with respect to his claim of design defect under the Louisiana Products Liability Act. Nor do such documents create a genuine issue of material fact with regard to design defect. Indeed, the Surgeon General's Report, on which Plaintiff relies in support of his assertion that low or no-tar cigarettes would have prevented injury during the time Mrs. Marks smoked, was issued in 1989, more than a decade after Mrs. Marks quit smoking.

In addition, Plaintiff has failed to offer any expert testimony regarding the existence of a feasible alternative cigarette design sufficient to preclude summary judgment on the design defect claim. Without such evidence, Plaintiff fails to meet his burden of proof under the Louisiana Products Liability Act. *Brown v. R.J. Reynolds Tobacco Co.,* 852 F.Supp. 8 (E.D.La.1994), affirmed, 52 F.3d 524 (5th Cir.1995); *Kotler v. American Tobacco Co.,* No. 86–08108, slip op. at 2, 5 (D.Mass. Nov. 21, 1989). Accordingly, the Court finds that summary judgment in favor of Defendants is appropriate with respect to Plaintiff's claims based on design defect.

## C. Express Warranty

■ With respect to express warranties, the Louisiana Products Liability Act, La. R.S. Section 9:2800.58, provides:

A product is unreasonably dangerous when it does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue.

Under Section 9:2800.53(6) of the Act, "express warranty" is defined as:

a representation, statement, or alleged fact or promise about a product or its nature, material or workmanship that represents, affirms or promises that the product or its nature, material or workmanship possesses specific characteristics or qualities or will meet a specified level of performance. "Express warranty" does not mean a general opinion about or general praise of a product. A sample or model of a product is an express warranty.

In his Amended Complaint and in his opposition to Defendants' motion for summary judgment, Plaintiff claims that statements made by Defendants in an article entitled "A Frank Statement to the Public by the Makers of Cigarettes" which was published on January 4, 1954, as well as statements made in an article entitled "A Statement About Tobacco and Health" published by the Defen-

dants as members of the Tobacco Institute, constitute "express warranties" under the Louisiana Products Liability Act. According to Plaintiff, Defendants' breach of these express warranties was a proximate cause of Mrs. Marks injury for which he seeks recovery.

In his opposition brief, Plaintiff urges that the Louisiana Products Liability Act must be interpreted liberally with respect to the effect of express warranties. Specifically, Plaintiff claims that the Act places no restriction on how long one can rely on an express warranty and, in addition, makes the manufacturer liable if that warranty induced the claimant *or another person or entity* to use the product. According to Plaintiff, in order to survive summary judgment, he does not have to come forth with proof that Mrs. Marks ever read any of the statements at issue or that such statements induced Mrs. Marks to smoke cigarettes. Indeed, Plaintiff admits that he will be unable to prove such facts. Instead, Plaintiff submits that there is a genuine issue of material fact regarding whether *any* of the 43 million people who were exposed to the advertisement were induced to use cigarettes, thereby precluding summary judgment in favor of Defendants.

Despite Plaintiff's assertions, the Court finds, as a matter of law, that the statements cited by Plaintiff do not constitute "express warranties" under the provisions of the Louisiana Products Liability Act. The United States Fifth Circuit Court of Appeals, affirming summary judgment in favor of cigarette manufacturers, has previously held that statements such as those at issue in this matter cannot be considered warranties against adverse health effects since the dangers of cigarette smoking have long been known to the community. *Allgood v. R.J. Reynolds Tobacco Co.,* 80 F.3d 168, 172 (5th Cir.1996). Thus, summary judgment must be granted in favor of Defendants dismissing all of Plaintiff's claims based on the theory of breach of an express warranty.

Because the Court holds that the statements contained in the "Frank Statement to the Public by the Makers of Cigarettes" and "A Statement About Tobacco and Health" do not constitute "express warranties" under the LPLA, it does not reach the issue of whether or not Mrs. Marks' reliance upon such statements was a proximate cause of the injury for which recovery is sought.

### CONCLUSION

For the foregoing reasons, the Court finds that there are no genuine issues of material fact for trial and that Defendants are entitled to judgment as a matter of law. Accordingly, Defendants' Motion for Summary Judgment [63–1] is GRANTED and Plaintiff's remaining claims of product design defect and breach of an express warranty are dismissed with prejudice.