Clay DUNN et ux., Appellants,

v.

E. Marshall JOHNSON, Appellee.

No. 3227.

Court of Civil Appeals of Texas.

Waco.

Dec. 21, 1954.

Conway, Scharff & Walker, Waco, for appellants.

Coulter Hoppess, Bryan, Phillip B. Goode, College Station, for appellee.

.McDONALD, Chief Justice.

This is a venue case. Marshall Johnson instituted this suit against Clay Dunn and wife, Judy Dunn, in Brazos County for damages as a result of a collision between Johnson and Judy Dunn. Johnson alleged that Judy Dunn was guilty of certain acts of negligence and gross negligence and that the collision occurred in the City of Bryan, Brazos County, Texas. Both defendants filed Pleas of Privilege to be sued in Burleson County, the county of their residence. Johnson controverted said pleas and seeks to hold venue in Brazos County under Subdivisions 9 and 9a of Article 1995, R.C.S., Vernon's Ann.Civ. St. art. 1995, subds. 9, 9a.

The Trial Court overruled both Pleas of Privilege and Dunn and wife appeal on 4 Points: (1) That there was no evidence that the collision took place in Brazos County; (2) That there is insufficient evidence of the venue facts under Subdivision 9a, Article 1995 R.C.S.; (3) That the plaintiff's suit is one based upon some form of negligence and that for such reason Subdivision 9 of Article 1995 is by its own terms inapplicable; (4) That the Plea of Privilege of defendant Clay Dunn is good because plaintiff neither pleaded nor proved any acts on his part within the terms of any of the exceptions of Article 1995; nor has plaintiff pleaded or proved any of the required facts under Section 29a, Article 1995.

Defendants' 1st Point contends that there is not one scintilla of evidence in the record that the acts complained of occurred in Brazos County. A review of the record reflects that the witness Ludeke testified that *he was a police officer for the City of Bryan; that he handled a traffic accident which occurred on South College Avenue in the vicinity of Pleasant Street or College View; and that the Plaintiff testified as follows: "Q. Now Mr. Johnson, on March 12, 1954, you have set up and* alleged that *you were in an automobile accident which happened on College Avenue in the City of Bryan, Texas, is that correct? A. That is right."*

In this case there are no Findings of Fact or Conclusions of Law on file and the cause was tried before the Trial Judge without a jury. We must therefore view the evidence in the light most favorable to the judgment of the Trial Court. See 3B, Tex.Jur. 388. Further, in passing on the sufficiency of proof in a venue case the rule is that if, discarding all adverse evidence and giving credit to all evidence that is favorable to the successful party, *and indulging every reasonable conclusion that is favorable to him, a trier of facts might have found in his favor, then it is to be concluded that there is evidence to support the finding.* Banks v. Collins, Tex., 257 S.W.2d 97.

Applying the rules cited to the evidence in this case we conclude that it was sufficient to establish the occurrence of the collision in Brazos County, Texas.

Defendants contend under their 2nd Point that the Plaintiff has not established by a preponderance of the evidence that Judy Dunn committed any act or omission of negligence *which proximately caused the injuries of plaintiff.* The witness officer Ludeke testified that he was driving north on College Avenue; that he saw the car driven by Judy Dunn "shoving" the car driven by plaintiff; that he made a U turn to investigate; that as he was making the U turn he heard the crash and when he could see what happened he saw the plaintiff's car had left the highway and crashed into a telephone pole; that the car driven by Judy Dunn did not stop, so he pursued it and stopped it; that the driver Judy Dunn was under the influence of alcohol; that she admitted that she had bumped into and shoved plaintiff's car intentionally because she was "mad" at him; and further that an examination of the skid marks showed that plaintiff's car was forced off the road rather than that it had left the road of its

own accord. Plaintiff Johnson testified as follows: "Q. You have alleged that certain acts on the part of the defendant Mrs. Dunn caused this accident? A. She did Sir". We believe that the plaintiff has discharged his burden under Subdivision 9a, Article 1995, R.C.S.

■ Defendants' 3rd Point contends that Subdivision 9, Article 1995, R.C.S. is inapplicable since plaintiff's suit is based on some form of negligence and for such reason Section 9 is by its own terms inapplicable. This record reflects that Judy Dunn *intentionally started pushing* plaintiff's car with her car because he pulled out in front of her and made her mad; and further, that she was under the influence of alcohol to such an extent that her ability to drive an automobile was definitely impaired; that she cursed officer Ludeke and plaintiff Johnson both and used profanity in making statements about plaintiff. We believe the foregoing evidence places this case additionally within the crime, offense or trespass provisions of Subdivision 9 of Article 1995, R.C.S.

■ Defendants' 4th Point contends that since plaintiff neither plead nor proved that the defendant Clay Dunn was in the car on the occasion of the collision, that it was necessary for plaintiff to plead and prove Subdivision 29a of Article 1995 (which provides that if there are 2 or more defendants in any suit lawfully maintainable in any county against any one defendant, that it may be maintained there against all necessary parties thereto). The plaintiff did not plead Subdivision 29a. In the case at bar, Article 1985 requires that the husband be jointly sued with the wife, whether he is individually liable or not. 23 Tex.Jur. 333. The husband then is not a second defendant in the sense of Article 1995, Sec. 29a, where facts must be alleged and proved to show that he has some connection with the case which makes him a necessary party. He is but actually the legal identity of the wife. The pleadings in this cause reflect that the defendant *Clay Dunn is the husband of the defendant Judy Dunn* and as such is a party to the suit required by Article 1985. As such party the cause is not severable as to him.

■ The defendants produced absolutely no evidence at the trial to prove or disprove any point at issue. This did not relieve the plaintiff of proving that he came within one of the exceptions to the general venue rule. However it may, and in this case we think it did, increase the force of plaintiff's evidence. Lindsey v. State, Tex. Civ.App., 194 S.W.2d 413; Galloway v. Nichols, Tex.Civ.App., 269 S.W.2d 850. 17 Tex.Jur., 306, states the rule thusly:

"Usually the force of evidence, though slight, is greatly increased by the failure of the opposite party to rebut it, where it is obvious that the means are readily accessible to him. *The failure of a party to take advantage of an opportunity to explain inculpatory circumstances is evidence against him,* and his failure to produce evidence in his possession which might have rebutted a presumption against him strengthens such presumption. Where a party does not in any way seek to contradict the testimony of his adversary on a particular point, the presumption is that he has no testimony to controvert it; and when the proof tends to establish a fact, and at the same time discloses that it is within the power and the interest of the opposite party to disprove it, *the silence of the opposing party not only strengthens the probative force of the affirmative proof but of itself is clothed with a certain probative force."*

None of defendants' Points present reversible error, for which reason the judgment of the Trial Court is affirmed.