**H. E. B. FOOD STORES, Appellant,**

v.

**Agnes ATCHISON, Appellee.**

**No. 4287.**

Court of Civil Appeals of Texas.

Waco.

Oct. 29, 1964.

Haley, Koehne, Fulbright & Winniford, Waco, for appellant.

Ted Fair, Waco, A. L. Moore, Ft. Worth, for appellee.

McDONALD, Chief Justice.

This is a venue case. Plaintiff Atchison instituted this suit against defendant H. E. B. for damages resulting from defendant's alleged negligence in failing to keep in proper repair an automatic door at one of its stores in Waco, McLennan County, Texas. Plaintiff alleged that the door would not open as it was supposed to when she stood on the mat in front of it; that she placed her shoulder against the door to thrust it open, and that the door flew open suddenly; causing her to fall to the floor and sidewalk, causing her bodily injury. Defendant filed its plea of privilege to be sued in Nueces County, the County of its residence. Plaintiff filed controverting affidavit alleging the cause of action was based on negligence of defendant committed in McLennan County, Texas and asserting venue in McLennan County under subdivisions 9a and 23 of Article 1995, Vernon's Ann.Tex.St.

The Trial Court, after hearing without a jury overruled defendant's plea of privilege.

Defendant appeals, contending the Trial Court erred in overruling the plea of privilege for the reason that plaintiff failed to prove by a preponderance of the evidence that defendant was guilty of negligence proximately causing plaintiff's injuries.

The record reflects that plaintiff approached the door in defendant's store, stepped on the mat, and that the door failed to open automatically as it was supposed to; that when she placed her shoulder against the door, it flew open, causing plaintiff to fall to the floor, causing bodily injuries to plaintiff. The record further reflects that Mr. Matus, the local manager of defendant's store, told plaintiff that he knew the door was broken and not operating properly and had not been for some time; that the door had been out of order a short time before plaintiff fell; and that the door had given trouble.

We think the evidence ample to sustain the Trial Court's finding that defendant was guilty of negligence proximately causing plaintiff's injury. See Dunn v. Johnson, Tex.Civ.App. (n.w.h.), 274 S.W.2d 108; Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97.

Defendant's contention is overruled, and the judgment of the Trial Court is affirmed.