**E. E. HOOD & SONS, Appellants,**

**v.**

**Maria V. TORRES et al., Appellees.**

**No. 4398.**

Court of Civil Appeals of Texas.

Waco.

Sept. 2, 1965.

Keys, Russell, Watson & Seaman, Corpus Christi, for appellants.

Lloyd, Lloyd, Dean & Ellzey, Alice, for appellees.

McDONALD, Chief Justice.

This is an appeal from a judgment overruling a plea of privilege.

Plaintiffs, the widow and children of Reynaldo Torres, sued defendants Hood, in Nueces County for the wrongful death of Torres. Plaintiffs alleged that defendants in constructing improvements to U. S. Highway 77, cut a dropoff or trap some 3½ to 4 inches below the road level on the paved surface of U. S. Highway 77, and left no warning or signal light to advise travelers of the danger thereof; that the deceased was driving his truck on such highway and that the right front wheel went off into the cutout made by defendants, causing deceased to turn over and be killed. Plaintiffs alleged that defendants' acts and omissions were negligence proximately causing the death of the deceased, and prayed for damages for his death.

Defendants filed their plea of privilege to be sued in Bexar County, the county of their residence. Plaintiffs filed controverting plea, alleging venue in Nueces County under Subdivision 9a, Article 1995, Vernon's Ann.Tex.Civ.St., "and other exceptions."

Trial was before the Court without a jury which, after hearing, found that defendants committed an omission and act of negligence in Nueces County in cutting out a dropout in the paved surface portion of the highway and leaving no warning or signal lights to advise deceased of the danger of same, and that such negligence was a proximate cause of deceased's death and plaintiffs' damages.

The trial court found that venue was properly in Nueces County by virtue of Exception 9a "and other exceptions" to Article 1995 V.A.T.S., and overruled defendants' plea of privilege.

Defendants appeal, contending the trial court erred in overruling their plea of privilege because plaintiffs failed to establish that any negligence on the part of defendants was a proximate cause of the death of the deceased. Defendants assert that there is no evidence, or insufficient evidence, to establish any causal connection between the cut out portion of the highway and the death of the deceased.

The record establishes that defendants had a contract with the State of Texas to improve U. S. Highway 77 in Nueces County; and that defendants made the 3 to 4 inch excavation dropoff along the edge of the paving of such highway. Some 4 witnesses who were at the scene of the accident shortly after the accident testified that they did not observe any flares or warning devices. There is no evidence that there were any flares or warning devices. The accident occurred before daylight about 5:15 A.M. on December 7th.

Highway Patrolman Patterson, who investigated the accident shortly after its occurrence, testified there was a gouge mark on the east portion of the highway and skid marks leading from the gouge mark to where the vehicle came to rest;

and that the truck had gotten back on the paved portion of the highway where the gouge mark was located and where the skid mark started. From the foregoing and from the photographic evidence, the trial court had a right to conclude that the truck's right wheels hit the dropoff on the highway and the accident ensued when the deceased tried to get the truck back on the elevated portion of the highway; and that but for the dropoff and the failure to post warning flares, the accident would not have occurred. We think venue established in Nueces County under subdivision 9a, Article 1995. See: Dunn v. Johnson, Tex.Civ.App., (n. w. h.) 274 S.W.2d 108; Strakos v. Gehring, Tex.Sup.Ct., 360 S.W.2d 787.

Defendants' points and contentions are overruled.

Affirmed.