**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 2, 2012

Lyle W. Cayce
Clerk

No. 11-40907
Summary Calendar

LILLIAN SPENCER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee,

versus

TEXAS COUNCIL RISK MANAGEMENT FUND,

Intervenor-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
No. 2:10-CV-262

No. 11-40907

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

JERRY E. SMITH, Circuit Judge[*]


Lillian Spencer was injured on a United States military base when she was hit by an automatic door. After denying a continuance for additional discovery time, the district court granted the government's motion for summary judgment because Spencer had not presented enough evidence to substantiate her claims. We affirm.


I.

While working at an Army depot, Spencer had trouble opening an automatic door, which snapped back and struck her shoulder. She claims the door weighed 200 pounds, and so she was seriously injured.

Spencer sued the United States under a theory of premises liability, claiming she was an invitee. Appellant Texas Council Risk Management Fund, a workers' compensation fund that paid Spencer's workers' compensation and injury-related expenses, intervened on her side. The government moved for summary judgment, arguing that Spencer was merely a licensee and had not provided evidence that would satisfy all the elements of a premises-liability claim, on which she had the burden of proof. Spencer requested more time to complete discovery before responding, but despite the government's agreeing to that motion, the district court refused. The court then determined that Spencer was an invitee but had not provided enough evidence to establish all the required elements of her claim, so it granted summary judgment.

Spencer argues that the court impermissibly granted summary judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40907

on grounds not given in the motion. She also claims the court abused its discretion in denying the agreed-to motion for a continuance to allow further discovery. We conclude that the grounds were adequately raised in the motion and that the court did not abuse its discretion in denying the continuance.

II.

We review a summary judgment *de novo. Dore Energy Corp. v. Prospective Inv. & Trade Co.*, 570 F.3d 219, 224 (5th Cir. 2009). Summary judgment is appropriate where there is no genuine dispute regarding any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The movant has the burden of proving there is no genuine issue of material fact, and if it meets that burden, the non-moving party must set forth specific facts to show there is "a genuine issue concerning every essential component of its case." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (internal quotation marks omitted). "The moving party need not produce evidence negating the existence of a material fact, but need only point out the absence of evidence supporting the nonmoving party's case." *Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1992).

Although Spencer argues that the district court granted summary judgment on grounds it raised *sua sponte* without warning, the motion for summary judgment did raise the relevant arguments: It was four pages long and contained several sections, including one arguing that Spencer had failed to provide evidence to carry her burden that the government had breached its duty of care. That final section specifies several claims Spencer made but allegedly lacked the evidence to support: (1) that the door posed an unreasonable risk of harm to the licensee, (2) identifying the specific door, (3) that the door weighed 200 pounds, (4) that the government knew about the condition, (5) that the government did not exercise ordinary care, and (6) that the government's alleged failure was the

3

No. 11-40907

proximate cause of Spencer's injuries.[1]

The district court found that there was no evidence that the condition described by Spencer posed an unreasonable risk of harm. As the court explained, the only evidence in the record is Spencer's affidavit. Nothing proves that the automated system was defective, that the door was unusual in any way, that anyone else had been injured by it, or even how heavy it was. Moreover, the affidavit mentions that there was another instance in which the automatic function had been disabled, but Spencer had not been injured. One event of injury alone, without further evidence, does not demonstrate that the door posed an unreasonable risk of harm. As the district court noted, "[a] condition is not unreasonably dangerous, simply because it is not foolproof." *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (Tex. 2006).

Even though the summary judgment motion only expressly claimed that Spencer had failed to show an unreasonable risk of harm "to a licensee," she was still required to show facts supporting an unreasonable risk of harm to an invi-

---

[1] The final part of the motion reads in full as follows:

> Plaintiff has the burden to present competent evidence supporting her claim that the federal government breached a duty of care. There is no competent evidence:
>
> a)      That a particular bathroom door created an unreasonable risk of harm to the licensee;
>
> b)      Identifying the door that allegedly closed on her;
>
> c)      That a door weighed 200 pounds;
>
> d)      That the government actually knew of the alleged condition;
>
> e)      That the government failed to exercise ordinary care to protect her from the alleged danger; or
>
> f)      That the government's alleged failure was a proximate cause of her injury.

tee.  She argues that because nothing in the summary judgment motion alleged she cannot prove a violation of the duty of care owed to an invitee, once the court found she was an invitee rather than a licensee, summary judgment should have been denied.  Although the motion does refer to her only as a licensee, however, it plainly states there was no evidence that the door was unreasonably dangerous.  Irrespective of whether Spencer was an invitee or a licensee, the condition must be shown to have been unreasonably dangerous, so she was required to set forth facts showing a genuine issue concerning that critical aspect of the case. *See Saunders*, 942 F.2d at 301.  Thus, the district court did not raise issues *sua sponte*; it granted judgment on grounds the government had presented but Spencer had failed to refute.

The cases the appellants cite in an attempt to show an unreasonably dangerous condition existed are inapposite.  In *H. E. B. Food Stores v. Atchison*, 383 S.W.2d 954, 955 (Tex. App.—Waco 1964, no writ), the manager admitted that the door had given trouble in the past, and he had told the plaintiff that it was broken and not working properly.  Thus, there was evidence establishing a pattern of having given multiple people trouble on multiple different occasions.  In *TDIndustries, Inc. v. Rivera*, 339 S.W.3d 749, 754-55 (Tex. App.—Houston [1st Dist.] 2011, no writ), the court never determined an unreasonably dangerous condition even existed.  Instead, it just noted plaintiffs were alleging there was an unreasonably dangerous condition; the court, while ruling on a motion to dismiss, was asking only whether the claims implicated an engineer's special knowledge or judgment.  Finally, *Sanmina-SCI Corp. v. Ogburn*, 153 S.W.3d 639, 641 (Tex. App.—Dallas 2004, pet. denied), involved a heavy roller's falling off a door and injuring the plaintiff.  The door had been routinely propped open before the incident, and the supervisor had been told it needed to be fixed before someone got hurt.  None of those cases presents anything like what appellants claim here: an unreasonably dangerous condition evidenced by only the one-time

incident that affected Spencer.

Spencer's argument regarding United States' knowledge fails as well. The district court, when considering whether *res ipsa loquitur* could defeat summary judgment, stated that Spencer would still have to prove actual or constructive knowledge, which she could not do. The summary judgment motion asserted that Spencer had no evidence to show the government actually knew of the alleged condition. Though the duty of care toward invitees requires actual *or constructive* knowledge, as the district court correctly noted, the motion for summary judgment is still sufficient. Spencer could have responded by putting forth evidence demonstrating actual or constructive knowledge to show a genuine issue of material fact, but instead no evidence was provided. Even if not a complete and exact statement of the law, the motion plainly presented the argument that summary judgment should be granted because Spencer had no evidence proving the government's knowledge. Because the argument was presented in the motion for summary judgment, the district court did not raise the issue *sua sponte*.[2]

## III.

The district court did not abuse its discretion in denying the agreed-to motion for continuance. Granting a delay on a ruling on summary judgment, to allow further discovery, is often appropriate, but "a trial judge's decision to curtail discovery is granted great deference, and, thus, is reviewed under an

---

[2] An additional ground was discussed in the district court's opinion: whether the defect was "open and obvious." Showing that the defect was concealed is a necessary element of proving the claim, so, even though the motion never explicitly discussed concealment, it could be considered to have been addressed in the government's broad assertion that Spencer had not presented competent evidence to support her claim. We need not decide whether that ground was properly raised in the motion for summary judgment, however, because even if it was not, the previously examined failure to show either an unreasonably dangerous condition or the government's knowledge is sufficient to affirm.

No. 11-40907

abuse of discretion standard." *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 962 (5th Cir. 2009) (internal quotation marks omitted). When a plaintiff is not diligent in pursuing discovery, he is not entitled to a continuance.[3]

Because Spencer waited until the dispositive-motions deadline before working to discover any of the necessary facts, the district court did not abuse its discretion in denying a continuance. The complaint was filed on August 3, 2010, and on September 24 the court entered a scheduling order explaining the deadlines for discovery and setting a June 15, 2011, deadline for dispositive motions.[4] Still, by the time that deadline arrived, Spencer had gathered no evidence other than her affidavit. Then, two weeks after the motion for summary judgment was filed, she moved for continuance.

Although Spencer argues that she never received initial disclosures or other discovery from the government, the record is devoid of any evidence that she was active in seeking discovery: There was no mention of conferences held to discuss problems with discovery; no motion to compel discovery was filed; and the briefs on appeal do not outline any steps taken to get the necessary information. Thus, the denial of the motion was not an abuse of discretion.

The summary judgment is AFFIRMED.

---

[3] *See Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) ("If Beattie has not diligently pursued discovery, however, she is not entitled to relief under [current Rule 56(d)]. We need not address whether Beattie has shown why she needs additional discovery to create a genuine issue of material fact, because she was not diligent." (internal citations omitted)).

[4] A general order entered on the same day also explicitly stated that the deadline for dispositive motions could not be extended even by agreement.