Gloria ARMENDARIZ, Plaintiff,

v.

WAL–MART STORES, INC., and
Wal–Mart Stores Texas,
LLC, Defendants.

EP–16–CV–43–PRM

United States District Court,
W.D. Texas, El Paso Division.

Signed November 21, 2016

Daniela Labinoti, Law Firm of Daniela Labinoti, P.C., El Paso, TX, Charles Julius Ruhmann, IV, Ruhmann Law Firm, El Paso, TX, for Plaintiff.

Laura Enriquez, Mounce, Green, Myers, Safi, Paxson & Galatzan, El Paso, TX, for Defendants.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

PHILIP R. MARTINEZ, UNITED STATES DISTRICT JUDGE

On this day, the Court considered Defendant Wal–Mart Stores, Inc.'s "Motion for Summary Judgment" (ECF No. 43) [hereinafter "Motion"],[1] filed on October 19, 2016, Plaintiff Gloria Armendariz's "Response in Opposition to Defendants' Walmart [sic] Motion for Summary Judgment" (ECF No. 47) [hereinafter "Response"], filed on November 4, 2016, and Defendant Wal–Mart Stores, Inc.'s "Reply to Plaintiff's Response to Motion for Summary Judgment" (ECF No. 49) [hereinafter "Reply"], filed on November 11, 2016,

---

1. Defendant Wal–Mart Stores Inc. brings this Motion on behalf of itself and Wal–Mart Stores Texas, LLC. Mot. 12. For the purposes of this Order, the Court will refer to Defendants in the singular.

in the above-captioned cause. After due consideration, the Court is of the opinion that the Motion should be granted for the reasons that follow.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On December 18, 2013, Plaintiff was shopping with her daughter at Defendant's store. Resp. Ex. 1, at 1 [hereinafter "Plaintiff's Affidavit"]. In Defendant's store, a "tan" pallet served as a base for a nail-polish display—all of which was located on a "gray" floor. Mot. Ex. A, at 45 [hereinafter "Plaintiff's Deposition"].

While Plaintiff perused the various nail polishes, Plaintiff's foot "got stuck in a wooden pallet" that was diagonally positioned. Pl.'s Aff. 1. Plaintiff fell and sustained injuries. *Id.* Plaintiff attests that the "pallet was close to the aisle" which made it "difficult and almost impossible to go through." *Id.*

Shortly thereafter, Defendant's Assistant Manager Harry Earsley and another unnamed employee approached Plaintiff and her daughter. *See id.* Assistant Manager Earsley asked the unnamed employee "Why wasn't this pallet placed right?" *Id.* Plaintiff's daughter then exclaimed to Assistant Manager Earsley: "[L]ook! [T]hat pallet is sticking out and is close to the aisle ... interfering with [customer] traffic." Resp. Ex. 2, at 1 [hereinafter "Daughter Affidavit"]. To which, Assistant Manager Earsley replied, "[Y]eah, yeah, you are right." Daughter Aff. 1. As a result of the fall, Plaintiff completed a Customer Incident Report, in which Plaintiff stated that her "left foot got caught because the pallet was sticking to [sic] far out." Resp. Ex. 7.

Another one of Defendant's employees, Employee Cecilia Rodriguez, testified that employees for Defendant monitor placement of pallets and that "[t]he assistant manager or one of the associates ... are allowed to use a pallet jack." *See* Resp. Ex.

3, at 15:19–20 [hereinafter "Employee Rodriguez Deposition"]. In the event that pallets would be misaligned and unstable, these pallets would become "hazards." Emp. Rodriguez Dep. 25:7–23.

In addition, Defendant has provided a photograph of the area in which Plaintiff suffered her injuries. *See* Mot. Ex. C [hereinafter "Photograph Exhibit"].

Now, Plaintiff brings this premises liability action against Defendant. Pl.'s First Am. Compl. 2, Apr. 21, 2016, ECF No. 18 [hereinafter "Complaint"]. Defendant asserts that there is no genuine issue of material fact to warrant a trial and moves for summary judgment. Mot. 1.

# II. LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists only if there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In a motion for summary judgment, "[t]he moving party bears the initial burden of showing that there is no genuine issue for trial; it may do so by 'point[ing] out the absence of evidence supporting the nonmoving party's case.'" *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd.*, 40 F.3d 698, 712 (5th Cir. 1994) (quoting *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990)). If the moving party has satisfied its initial burden, the non-movant must then come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). When a party requests that a court grant its motion for summary judgment, a court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). While a court will resolve factual controversies or disputes in the non-movant's favor, it must do so "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

## III. ANALYSIS

■ Generally, premises owners, such as Defendant, "have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014) (per curiam) (citing *TXI Operations, LP v. Perry*, 278 S.W.3d 763, 764–65 (Tex. 2009)).

■ To prevail on a premises liability claim against a property owner, an injured invitee must prove each of the following four elements:

(1) the property owner had actual or constructive knowledge of the condition causing the injury;

(2) the condition posed an unreasonable risk of harm;

(3) the property owner failed to take reasonable care to reduce or eliminate the risk; and

(4) the property owner's failure to use reasonable care to reduce or eliminate

the risk was the proximate cause of injuries to the invitee.

*Henkel*, 441 S.W.3d at 251–52 (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)); *see also Spencer v. United States*, 463 Fed.Appx. 368, 370 (5th Cir. 2012) (recognizing that the plaintiff must provide evidence "that would satisfy *all* the elements of a premises-liability claim" (emphasis added)).

The Court will begin its inquiry with the first element: whether Defendant had actual or constructive knowledge of the misaligned pallet. *See Henkel*, 441 S.W.3d at 251–52. Because the parties acknowledge that actual knowledge is not at issue, the Court will address whether Defendant had constructive notice. *See* Mot. 9 ("[T]here is no evidence that [Defendant] actually knew about the alleged display/pallet misalignment."); Resp. 7 ("Defendant Walmart is charged with constructive knowledge of any premises defects or any other dangerous conditions that a reasonably careful inspection would reveal."). Defendant argues that Plaintiff has failed to provide evidence that the pallet misalignment existed long enough for Defendant to have discovered the pallet's positioning. Mot. 10.

■ "In premises cases constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc.*, 15 S.W.3d at 102–03. "[W]hen circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). "What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the

facts and circumstances presented." *Wal–Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002).

Plaintiff points to two pieces of evidence to substantiate her allegation that Defendant was constructively aware of the misaligned pallet: (1) employees are responsible for positioning the pallets throughout the store; and (2) Plaintiff relies on "admission[s] by a party opponent." *See* Resp. 2.

### A. Defendant Employees' Responsibility for Pallet Positioning

■ First, Plaintiff contends, and Defendant agrees, that employees are responsible for placing the pallets. *Id.* To substantiate this claim, Plaintiff provides the testimony of Employee Rodriguez: "The assistant manager or one of the associates ... are allowed to use a pallet jack." *See* Emp. Rodriguez Dep. 15:19–20.

■ The Texas Supreme Court has held that "when circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition," and that circumstantial evidence that "supports only the possibility that a dangerous condition existed long enough to give [the proprietor] a reasonable opportunity to discover it" is not sufficient. *See Gonzalez*, 968 S.W.2d at 936. "[M]eager circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative and thus legally insufficient to support a finding [of constructive notice.]" *Id.*

■ Here, Plaintiff has failed to provide any evidence that connects Defendant's control of a "pallet jack" to the misaligned pallet in question. Plaintiff's suggestion that Defendant's employees are exclusively responsible for the pallet's positioning misses the mark.[2] She has not provided the Court with evidence of any employee who placed the pallet in question or a witness that can testify to that effect. The Court finds that the evidence presented supports only the *possibility* that the misaligned pallet had been there long enough to give Defendant a reasonable opportunity to discover this hazard. *See Gonzalez*, 968 S.W.2d at 936. As the *Gonzalez* court noted, this mere "possibility" is "legally insufficient to support a finding" of constructive notice. *See id.* Indeed, "[t]he burden of proving causation in these cases is difficult for plaintiffs, but the 'fact that proof of causation is difficult does not provide a plaintiff with an excuse to avoid introducing some evidence of causation.'" *Castano v. Wal–Mart Stores Tex., LLC*, No. CIV.A. H–14–1450, 2015 WL 2180573, at *2 (S.D. Tex. May 7, 2015) (quoting *Gonzalez*, 968 S.W.2d at 937). Thus, the court finds that Plaintiff has not presented *any evidence* that the misaligned pallet occurred for such a prolonged duration to give constructive notice to Defendant of the condition causing the injury.

### B. Assistant Manager Earsley's Post Hoc Statements

■ Second, Plaintiff characterizes two different statements from Assistant Manager Earsley as "admission[s] by a party opponent." Resp. 2. Assistant Manager Earsley asked another employee: "Why

---

2. Plaintiff asserts that one of Defendant's employees improperly placed the pallet underneath the nail-polish display. While that may have occurred, another inference is equally as possible—a vendor, customer, or other third party could have moved the pallet after one of Defendant's employees placed the pallet

correctly. To be sure, Plaintiff has merely provided the Court with "meager circumstantial evidence from which equally plausible but opposite inferences may be drawn [which is] legally insufficient to support a finding [of constructive notice.]" *See Gonzalez*, 968 S.W.2d at 936.

wasn't this pallet placed right?" and, when Plaintiff's daughter informed Assistant Manager Earsley why the protruding pallet was interfering with customer traffic, Assistant Manager Earsley responded, "Yeah, yeah, you are right." Pl.'s Aff. 1; Daughter Aff. 1.

Assistant Manager Earsley's two statements were both made *after* Plaintiff's incident had occurred. *See* Pl.'s Aff. 1; Daughter Aff. 1. Thus, Assistant Manager Earsley's comments simply reiterate that the pallet's placement at the time of the occurrence was an open and obvious hazard. *See Austin v. Kroger Tex., LP,* 465 S.W.3d 193, 213 (Tex. 2015) (holding that a "landowner owes no duty to protect or warn an . . . invitee against unreasonably dangerous premises conditions that are open and obvious or otherwise known to the . . . invitee"). Significantly, Plaintiff did not provide evidence that any witness— including Assistant Manager Earsley—had seen or was aware of the misaligned pallet *before* Plaintiff tripped over it.[3] *See Wal-Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex. 1998) (noting that no witnesses had testified that they had seen or were aware of the hazard before the plaintiff slipped on it).

Again, Plaintiff's "meager circumstantial evidence" does not address whether the pallet's positioning existed for such a prolonged duration to impute constructive knowledge upon Defendant. Because Plaintiff has failed to meet her burden, she has failed to satisfy the first element of premises liability. *See Gonzalez,* 968 S.W.2d at 938 (indicating that the plaintiff has "to demonstrate that it was more likely than not that [the hazard] had been there for a long time").

Because Plaintiff has failed to establish the first element of premises liability, the Court need not analyze the other three elements. Consequently, the Court will grant Defendant's Motion for Summary Judgment.[4]

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Wal–Mart Stores, Inc.'s "Motion for Summary Judgment" (ECF No. 43) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Gloria Armendariz's premises liability claim is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that all settings in this matter are **VACATED.**

**IT IS FURTHER ORDERED** that all pending motions filed in the above-captioned cause, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the **CLERK** of the Court shall **CLOSE** this matter.

---

3. While Assistant Manager Earsley's statements implicating the pallet's placement do not address pre-occurrence knowledge of the condition allegedly resulting in Plaintiff's injury, they clearly invite speculation about the pallet's initial placement. This invitation of "possibilities" is legally insufficient to support the constructive-knowledge requirement. *See Gonzalez,* 968 S.W.2d at 936.

4. Plaintiff's Complaint also references Defendant's "negligent" activity and asserts that Defendant is culpable through res ipsa loqui-

tur. Compl. 4–5. However, Plaintiff disavows both these contentions in her Response: "Plaintiff agrees [with Defendant] that the Court should grant the Motion for Summary Judgment as to the Negligent Activity Claim" and "this point is moot as Plaintiff has overwhelming evidence and not [sic] relying on res ipsa [loquitur]." Resp. 15–16. To the extent Plaintiff seeks relief via a negligence cause of action, the Court will dismiss this cause of action given her renouncement. *See id.*